UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A. O.L.,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-07629-DJC-CSK

ORDER

Respondents have filed a motion seeking transfer of this case to the Western District of Louisiana as that is where Petitioner was detained at the time the present petition was filed. (ECF No. 7.) Petitioner does not dispute the accuracy of the location of Petitioner's detention but argues that the Court should retain jurisdiction on the basis that at the time the Petition was filed, Petitioner's location was unknown to Counsel. (ECF No. 10.)

Petitioner was initially detained on September 16, 2026, in this District. Records provided by Respondents show Petitioner was later booked into the California City Detention Facility in Bakersfield, CA at 9:48 P.M. that same day. (ECF No. 7-1 at 1.) Those same records show that the following morning, at 5:00 A.M. on September 17, 2026, Petitioner was booked out of custody to be transferred to a

location in Texas. (*Id.*) That booking log includes the note "Attorney Notified: No." (*Id.*)

Counsel states that Petitioner also did not appear in the ICE locator during the initial days of Petitioner's detention. (ECF No. 10 at 6; ECF No. 10-2.) Petitioner notes that this is consistent with public reporting regarding current ICE policy to remove non-citizens similarly situated to Petitioner from the publicly available locator. (See ECF No. 10-3.) In an attempt to locate Petitioner, Counsel states that at 2:46 P.M. on September 17, 2026, Counsel sent an email to Respondents' Counsel (through their dedicated immigration email) inquiring as to Petitioner's location. (ECF No. 10 at 6.) That email purportedly included both Petitioner's name and A number. (*Id.*) After not receiving a response, Petitioner's Counsel followed up again on the morning of September 18, 2026, but again did not receive any response or information regarding Petitioner's location. (*Id.*)

In the absence of any alternative available information as to Petitioner's location, in the afternoon on September 18, 2026, Counsel filed the present petition in the district in which Petitioner was last known to be confined: the Eastern District of California. (*See* ECF No. 1.) In the intervening time between Petitioner's initial detention and the filing of this Petition, Petitioner was allegedly subjected to several transfers including transportation from California to Texas and then, a few hours later, to Louisiana, where Petitioner was located when the Petition was filed. (ECF No. 10 at 5.)

The Supreme Court has expressly recognized that "[w]hen . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Rumsfeld v. Padilla*, 542 U.S. 426, 450 n.18 (2004). Based on the record before the Court, no diligent attorney could have known that Petitioner was in Louisiana at the time the Petition was filed. Petitioner asserts, and Respondents do not contest, that Petitioner's information was not available on the ICE locator at that time and that Petitioner's Counsel did not

receive any response to emails regarding Petitioner's location during that time. Respondents' assertion that the United States Attorney's Office "cannot be expected to immediately respond to counsel's request made during non-court days[,]" (ECF No. 11 at 2,) is not persuasive when Respondents continue to unlawfully detain people while concealing their location. In the absence of any response from Respondents as to Petitioner's location, it was impossible for Counsel to identify any other custodian or district of confinement than those identified in the Petition. These factual circumstances reflect the exact exception to the immediate custodian and district of confinement rules identified by the Supreme Court. *See Padilla*, 542 U.S. at 450 n.18; *see also Suri v. Trump*, 184 F.4th 260, 277–78 (9th Cir. 2026). As a result, jurisdiction is proper at Petitioner's last known location as the only place Petitioner's Counsel could reasonably file the Petition.

As the default habeas venue rules are inapplicable here, the Court looks to traditional venue considerations in determining whether transfer is appropriate. *See Suri*, 184 F.4th at 281–82. Under these considerations, venue is most appropriate in the Eastern District of California. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 493–94 (1973). Petitioner resides and was originally detained in this district creating a strong interest in hearing Petitioner's claims here. Moreover, forcing Petitioner to litigate across the country, far from the assistance of Counsel and family, would also impose great prejudice on Petitioner while requiring Respondents to litigate in this Court would not prejudice Respondents.

Accordingly, the Court declines to transfer the instant habeas petition to the Western District of Louisiana. Thus, IT IS HEREBY ORDERED that:

1. Respondents' Motion to Transfer (ECF No. 7) is DENIED.
2. Respondents have not substantively responded to the Petition. The issues raised in the Petition appear similar to those addressed in this Court's prior orders concerning Respondents' compliance with 8 C.F.R. § 241.13(i)(2) in re-detaining individuals subject to a final order of removal who were

previously released from custody. *See Ciuciu v. Warden, California City Corrections Center*, No. 1:26-cv-03274-DJC-JDP (concluding 8 CFR § 241.13(i)(2), and not § 8 U.S.C. § 1231(a)(6) applies to revocation of release following imposition of a final order of removal); *see also Moua v. Warden*, No. 1:26-cv-02238-DJC-JDP. Respondents are ordered to show cause on or before October 1, 2026, as to why the Court should not grant a writ of habeas corpus and order Petitioner's release by filing a return as provided in 28 U.S.C. § 2243. Petitioner may file a reply on or before October 2, 2026. This matter is not set for a hearing though the Court may set one should it later be determined that a hearing is necessary.

3. In order to preserve this Court's jurisdiction, Respondents are enjoined from effectuating Petitioner's removal prior to the resolution of the present habeas petition.

IT IS SO ORDERED.

Dated: **September 29, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE